ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARIA MAXIMO,<br>　　Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:11-CV-300-Y |
| | § | |
| JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br>　　Respondent. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Maria Maximo, Reg. No. 58878-054, is a federal prisoner incarcerated in Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is Warden of FMC-Carswell.

#### C. PROCEDURAL HISTORY

In 2006 petitioner was charged in the Southern District of New York with defrauding hundreds of illegal immigrants out of more than $2,000,000 to prepare applications for employment

Case 4:11-cv-00300-Y Document 9 Filed 09/12/11 Page 2 of 5 PageID 75

authorization documents and "legalization" on their behalf, which were baseless and which were sent through the mails to immigration authorities. (Resp't App. at 4) On March 14, 2007, petitioner pleaded guilty to two counts of mail fraud, in violation of 18 U.S.C. § 1341, and was later sentenced to a 210-month term of imprisonment. *United States v. Maximo*, PACER, Case Locator, Criminal Docket for Case No. 1:06-CR-LAK-1, docket entry no. 55. Petitioner appealed her convictions to no avail. *Id.*, docket entry no. 69. Petitioner did not file a § 2255 motion to challenge her convictions or sentence. (Pet. at 8) Petitioner filed this federal petition under § 2241 in this division where she is currently serving her sentence. Petitioner claims the offense for which she is incarcerated was decriminalized by the Supreme Court decisions in *Skilling v. United States*, *Black v. United States*, and *Weyhrauch v. United States,* and thus her convictions should be vacated. Respondent has filed a response requesting dismissal of the action for lack of jurisdiction. (Resp't Resp. at 5-7)

D. Discussion

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence only if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective,

petitioner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision, (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); Reyes-Requena, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner claims the Supreme Court decisions in *Skilling v. United States*, 130 S. Ct. 2896 (2010), *Black v. United States*, 130 S. Ct. 2963 (2010), and *Weyhrauch v. United States*, 130 S. Ct. 2971 (2010), all of which involved the "honest services" fraud statute in 18 U.S.C. § 1346,[1] apply to her because as "president of an organization that facilitated the processing of various applications on behalf of immigrants seeking work permits in the United States . . . she functioned in the capacity where honest services was at the helm of her relationship with her clients and employees. There had to be an 'honest service' component involved here, that without bribes and kickbacks, cannot stand." (Pet'r Mtn in Opposition at 3) However, petitioner was not charged with, nor did she plead guilty to, honest services fraud under § 1346. Petitioner was convicted of mail fraud, under 18 U.S.C. § 1341, and nothing in the record shows that her case involved allegations of fraud based on an honest services theory under 18 U.S.C. § 1346. (Resp't Resp. at 5-7) *See Edelmann v. Keffer*, No. 4:10-CV-531-Y, 2011 WL 2517273, at *1-4 (N.D.Tex. June 24, 2011) (order). Thus, the Supreme Court's holding in *Skilling* is neither relevant nor applicable to her convictions. *Id.* It necessarily

---

[1] In the three cases cited by petitioner, the Supreme Court contemporaneously considered the issue of the constitutionality of the honest services fraud statute, with *Skilling* resulting in the Court's lead opinion.

follows that, although *Skilling* may be retroactively applicable to cases on collateral review, petitioner cannot demonstrate that she is actually innocent of the crimes for which she pleaded guilty and was convicted. *Id.*

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 3, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 3, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September __12__, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE